IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **KENDRA LANELLE MANSFIELD,**     ) | |
|     Plaintiff,     ) | Civil Action No. 7:23cv00429 |
|          ) | |
| v.     ) | OPINION and ORDER |
|          ) | |
| **MIDDLE RIVER REGIONAL JAIL**     ) | By:  Robert S. Ballou |
| **and SUPERINTENDENT,**     ) | United States District Judge |
|     Defendants.     ) | |

Plaintiff Kendra Lanelle Mansfield, a Virginia inmate proceeding *pro se*, has filed an action under 42 U.S.C. § 1983 against the Middle River Regional Jail and its superintendent, alleging discrimination based on sexual orientation, harassment by other inmates without intervention from guards, and other denial of due process rights.  Pursuant to screening under 28 U.S.C. § 1915A, the court finds that Mansfield has failed to state a claim for which relief may be granted because the jail is not a proper defendant and because there is no allegation of the superintendent's personal involvement in the denial of constitutional rights.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983.  A jail facility is not a person subject to suit under § 1983.  *Jackson v. Middle River Regional Jail*, No. 7:22cv00264 at *1 (W.D. Va. May 25, 2022).  Accordingly, the Middle River Regional Jail is not a proper party.

Liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  To state a valid claim against a defendant, the complaint must contain factual allegations showing that the named defendant acted personally in violating the plaintiff's rights.  *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  Mansfield's complaint alleges discrimination, placement into segregation, denial of a

razor to shave facial hair, and harassment by other inmates with no intervention. There is no allegation specifically identifying who committed these actions, nor identifying those who culpably failed to intervene. Although the complaint does not explicitly allege that the superintendent is liable for the actions of his subordinates, if Mansfield intends to hold him responsible simply because he is the superintendent, that also fails. There is no *respondeat superior* liability under § 1983, because that contradicts the premise of liability only for acts that a defendant personally was involved in. Therefore, Mansfield has not stated a viable claim against the superintendent.

For the reasons stated, the complaint against the Middle River Regional Jail is **DISMISSED WITH PREJUDICE.** The complaint against the superintendent is **DISMISSED without prejudice**. Mansfield's request for a temporary restraining order (ECF No. 5) is **DISMISSED as moot**, and this matter is **STRICKEN** from the docket.

The Clerk is directed to send a copy of this opinion and order to Mansfield.

Enter: December 18, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge